# ATTACHMENT 2

## Most Recent Court Docket

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2025-006316 | **Judge:** | McDowell, David |
| **File Date:** | 2/19/2025 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| United Wholesale Mortgage | Plaintiff | | Jeffrey Gautreaux |
| New York Community Bank | Defendant | | Pro Per |
| United States Treasury, The | Defendant | | Pro Per |
| Nathan Sproul | Defendant | Male | D Huffaker |
| Tiffani Sproul | Defendant | Female | D Huffaker |
| Real T Solutions Inc | Defendant | | NIKOS POVILAITIS |
| Flagstar Bank N A | Defendant | | Mitra Singh |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/28/2025 | NOT - Notice | 7/29/2025 | |
| **NOTE:** | NOTICE OF COMPLIANCE WITH ORDER AUTHORIZING ALTERNATIVE SERVICE | | |
| 7/23/2025 | ORD - Order | 7/23/2025 | |
| **NOTE:** | ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE FOR DEFENDANT UNITED STATES TREASURY | | |
| 7/22/2025 | AFS - Affidavit Of Service | 7/23/2025 | |
| **NOTE:** | Certificate of Service of Process by Certified Process Server as to United States Attorney's Office | | |
| 7/3/2025 | NOT - Notice | 7/7/2025 | |
| **NOTE:** | Notice of Lis Pendens | | |
| 7/2/2025 | ANS - Answer | 7/3/2025 | |
| **NOTE:** | Defendant Real T Solutions, Inc.'s Answer / EFILE BILLING $263 | | |
| 6/20/2025 | MOT - Motion | 6/23/2025 | |
| **NOTE:** | Motion for Alternative Means of Service on the United States Treasury | | |
| 6/3/2025 | OXS - Order To Extend Time For Service | 6/10/2025 | |
| 5/28/2025 | AFS - Affidavit Of Service | 5/30/2025 | |
| **NOTE:** | Affidavit of Service of Process / Real T Solutions Inc | | |
| 5/16/2025 | MXS - Motion To Extend Time For Service | 5/19/2025 | |
| **NOTE:** | Motion to Extend Time for Service of Complaint | | |
| 5/12/2025 | ANS - Answer | 5/13/2025 | |
| **NOTE:** | Answer / EFILE BILLING $263.00 | | |
| 4/14/2025 | AFS - Affidavit Of Service | 4/16/2025 | |
| **NOTE:** | Certificate of Service of Process by Certified Process Server / New York Comm. Bank | | |
| 4/4/2025 | ANS - Answer | 4/7/2025 | |
| **NOTE:** | | | |
| DEFENDANTS NATHAN SPROUL AND TIFFANI SPROUL'S ANSWER TO PLAINTIFF'S COMPLAINT / EFILE BILLING $263 | | | |
| 3/6/2025 | ACS - Acceptance Of Service | 3/7/2025 | |
| **NOTE:** | ACCEPTANCE OF SERVICE UPON Nathan Sproul and Tiffani Sproul | | |
| 2/19/2025 | COM - Complaint | 2/19/2025 | |
| **NOTE:** | Complaint | | |
| 2/19/2025 | CSH - Coversheet | 2/19/2025 | |
| **NOTE:** | Civil Cover Sheet | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |
| **NOTE:** | Summons | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |
| **NOTE:** | Summons | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |
| **NOTE:** | Summons | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |
| **NOTE:** | Summons | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |
| **NOTE:** | Summons | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |
| **NOTE:** | Summons | | |
| 2/19/2025 | SUM - Summons | 2/19/2025 | |

| | | |
|---|---|---|
| **NOTE:** | Summons | |
| 2/19/2025 | SUM - Summons | 2/19/2025 |
| **NOTE:** | Summons | |
| 2/19/2025 | SUM - Summons | 2/19/2025 |
| **NOTE:** | Summons | |
| 2/19/2025 | SUM - Summons | 2/19/2025 |
| **NOTE:** | Summons | |
| 2/19/2025 | CCN - Cert Arbitration - Not Subject | 2/19/2025 |
| **NOTE:** | Certificate of Compulsory Arbitration | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| **No records found.** | | | | | |

# ATTACHMENT 3

Operative Complaint

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358273

Mark W. Drutz, #006772
Jeffrey D. Gautreaux, #028104
**MUSGROVE DRUTZ BUTNER & GAUTREAUX, PC**
1135 W. Iron Springs Road
P.O. Box 2720
Prescott, AZ 86302-2720
Telephone: (928) 445-5935
Fax: (928) 445-5980
Firm Email: admin@mdkglaw.com
Attorneys for Plaintiff United Wholesale Mortgage

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, a national mortgage lender,<br><br>                    Plaintiff,<br><br>v.<br><br>NEW YORK COMMUNITY BANK dba AMTRUST BANK, a national banking association; THE UNITED STATES TREASURY; NATHAN SPROUL and TIFFANI SPROUL, husband and wife; REAL T SOLUTIONS, INC., a foreign corporation; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X; UNKNOWN HEIRS OF ANY OF THE ABOVE, IF THEY BE DECEASED; JOHN DOES I-X; and JANE DOES I-X,<br><br>                    Defendants. | Case No. __CV2025-006316__<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment; Quiet Title; Common Law Fraud; Negligent Misrepresentation; Negligence; Negligence)** |

For its Complaint against Defendants New York Community Bank dba AmTrust Bank, a national banking association ("**NYCB**"), The United States Department of the Treasury (the "**Treasury**"), Nathan Sproul and Tiffani Sproul, husband and wife, and Real T

Solutions, Inc., a foreign corporation ("**Real T**"), Plaintiff United Wholesale Mortgage, a national mortgage lender ("**UWM**") alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over NYCB, the Treasury, Nathan and Tiffani Sproul, and Real T and the subject matter of this claim, which involves loans issued in Arizona that are secured by real property located in Tempe, Maricopa County, Arizona.

2.     This Court has jurisdiction pursuant to A.R.S. § 12-123, 28 U.S.C. § 2410(a), and because the amount in controversy exceeds $10,000.

3.     Venue is proper pursuant to A.R.S. § 12-401, et. seq.

4.     UWM is a mortgage lender doing business in Arizona.

5.     Upon information and belief, at all times relevant hereto, NYCB was a national banking association doing business in Arizona.

6.     Upon information and belief, at all times relevant hereto, the Treasury was a department of the United States federal government and was acting in Arizona.

7.     Upon information and belief, at all times relevant hereto, Nathan Sproul and Tiffani Sproul were husband and wife, were acting at all times on behalf of their marital community, and were residents of the State of Arizona.

8.     Upon information and belief, at all times relevant hereto, Real T was a foreign corporation that was doing business in Arizona.

9.     The fictitiously-named Defendants are unknown individuals, corporations or associations as shown in the caption of this action, who have yet to be correctly identified

2

and named in this action.  UWM requests that when the true names and identities of these

Defendants are properly identified, this Court will allow UWM to amend its captions,

pleadings and/or documents on file with the Court to insert the name(s) into said pleadings

and/or documents pursuant to Rule 10(f) and/or 15, Federal Rules of Civil Procedure.

## **GENERAL ALLEGATIONS**

10.     UWM incorporates by reference Paragraphs 1 through 9 above, inclusive, as

if each were fully set forth hereinafter.

11.     On or about April 19, 2022, Nathan Sproul, as a married man dealing with his

sole and separate property, purchased from Richard and Katie Foreman the following

described real property:

> Unit 803, of Bridgeview at Hayden Ferry Lakeside, a condominium according
> to the Second Amended and Restated Declaration of Condominium recorded
> in Document No. 2008-0082795 and re-recorded in Document No. 2008-
> 0121952 and Second Amendment recorded as 2009-1194423 and First
> Supplement to Second Amended and Restated Declaration of Condominium
> recorded as 2009-734488 and Second Supplement recorded as 2011-494220
> and Assignment and Assumption of Declarants Rights and Obligations
> recorded as 2009-734490 and re-recorded as 2009-878185 and according to
> Plat recorded in Book 970 of Maps, Page 21 and Notice of Correction recorded
> in Document No. 2008-241626, Records of Maricopa County Arizona.

("**Unit 803**").  Unit 803 has a physical street address of 140 East Rio Salado Parkway,

Unit 803, Tempe, AZ  85821-5498.

12.     On May 19, 2022, Nathan Sproul executed a Deed of Trust in favor of Barrett

Financial Group, L.L.C. ("**Barrett**"), which secured a Promissory Note in the amount of

$524,000 and encumbered Unit 803 ("**Barrett First Deed of Trust**").

3

13.   The Barrett First Deed of Trust was a purchase money mortgage pursuant to A.R.S. § 33-705.

14.   On July 24, 2023, Nathan Sproul completed and signed a Uniform Residential Loan Application in which he sought a loan from Barrett in the amount of $900,000.00.

15.   On this loan application, Nathan Sproul stated that there were no outstanding judgments against him and that he was not currently delinquent or in default on a federal debt.

16.   Based on the information contained within the loan application, Barrett agreed to fund the loan to Nathan Sproul.

17.   On July 24, 2023, Nathan Sproul executed a Deed of Trust in favor of Barrett securing a Promissory Note in the amount of $900,000.00 and encumbering Unit 803 ("**Barrett Second Deed of Trust**").

18.   The loan proceeds from the Barrett Second Deed of Trust were used to pay off the Barrett First Deed of Trust.

19.   Between the dates of execution of the Barrett First Deed of Trust and Barrett Second Deed of Trust, on March 30, 2023, the Treasury recorded a Notice of Federal Tax Lien against Nathan Sproul and Tiffani Sproul in the amount of $1,354,107.60.

20.   This Notice of Federal Tax Lien was recorded as Instrument No. 20230161284 in the Official Records of Maricopa County.

21.   Prior to Nathan Sproul's purchase of Unit 803, on April 1, 2013, NYCB had secured a Judgment against Nathan Sproul and Tiffani Sproul in the amount of $927,957.57.

4

22.    NYCB had renewed this Judgment on February 2, 2018 and asserted that the amount of the Judgment, as of that date, was $1,281,214.95.

23.    NYCB, Nathan Sproul and Tiffani Sproul entered into a settlement agreement on August 25, 2015 whereby they agreed that Nathan Sproul would pay $400,000.00 over time to resolve the Judgment.

24.    As of January 8, 2018, Nathan Sproul and Tiffani Sproul had paid $166,666.76 toward the $400,000.00 that was owed.

25.    Pursuant to the settlement agreement, payment of the $400,000.00 by Nathan Sproul and Tiffani Sproul will fully satisfy NYCB Judgment.

26.    As part of the process for issuance of the $900,000.00 loan, on July 11, 2023, Real T conducted title abstract services that resulted in the issuance of a Commitment for Title Insurance regarding Unit 803 in favor of Barrett.

27.    This Commitment for Title Insurance, which was based on Real T's title abstract services, referenced two judgment liens against Nathan Sproul, but it did not reference NYCB's lien or the federal tax lien, notwithstanding the fact that these two liens had been recorded.

28.    The information in the Commitment for Title Insurance, which was based on Real T's title abstract services, was used for a title insurance policy that was issued to Barrett by Westcor Land Title Insurance Company.

29.    On October 10, 2024, Barrett assigned the beneficial interest in the Barrett Second Deed of Trust to UWM.

5

30.    NYCB and the Treasury may take the position that their liens are superior in priority to the lien of UWM based on the Barrett Second Deed of Trust.

31.    UWM asserts that its lien in the Barrett Second Deed of Trust should have the same priority as the Barrett First Deed of Trust.

32.    Alternatively, UWM asserts that $524,045.71 due under the Barrett Second Deed of Trust, which is the amount that Barrett paid on or about July 24, 2023 to pay off the Barrett First Deed of Trust should be in first position pursuant to A.R.S. § 13-705 as to all other liens and encumbrances against Unit 803 and that UWM is equitably subrogated to the priority of the Barrett First Deed of Trust.

## COUNT I

## DECLARATORY JUDGMENT

(Against NYCB and Treasury)

33.    UWM realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 32 above as though fully alleged in this Paragraph 33.

34.    By virtue of the foregoing, a controversy exists between UWM, NYCB and the Treasury as to the priority of the liens at issue in this matter and whether NYCB's lien has been paid in full.

35.    The controversy is actual and justiciable, and the questions involved are real and not theoretical.

36.    The parties have an actual and real interest in the determination of the controversy and the determination of their status and legal relations under the statute governing declaratory judgment.

37.    The fact pattern is unique, the relations are unique, the real property involved is unique, and therefore remedies at law are not adequate under the circumstances.

38.    Pursuant to the Uniform Declaratory Judgments Act, A.R.S. §12-1831, et. seq., and Ariz.R.Civ.P.57, UWM is entitled to have the Court determine all of the issues and controversies which are expressed in and implied by these proceedings, and to have the Court enter a declaratory judgment.

WHEREFORE, UWM respectfully requests that the Court enter judgment as follows:

A.    Declaring that the indebtedness due under the Barrett Second Deed of Trust has the same priority as the Barrett First Deed of Trust and thus is superior in priority to the Notice of Federal Tax Lien recorded by the Treasury on March 30, 2023;

B.    Declaring that, alternatively, $524,045.71 of the indebtedness due under the Barrett Second Deed of Trust is superior in priority by virtue of A.R.S. § 33-705 and equitable subrogation to the Notice of Federal Tax Lien recorded by the Treasury on March 30, 2023;

C.    Declaring that NYCB's lien has been paid in full pursuant to the settlement agreement with Nathan Sproul and Tiffani Sproul or, if not paid in full, then $524,045.71 of the indebtedness due under the Barrett Second Deed of Trust is superior in priority to NYCB's lien by virtue of A.R.S. § 33-705 and equitable subrogation;

7

D.      Declaring the rights and other legal obligations of the parties arising under the aforementioned transactions involving the Subject Property;

E.      Authorizing UWM to further amend its pleading to state such other claims for damages as are shown to exist as the result of the Court's declaration of the rights, status, and legal relations of the parties;

F.      An award of costs and attorneys' fees and, in the event of default, not less than Five Thousand Dollars ($5,000.00); and

G.      Awarding such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II

## QUIET TITLE

### (Against NYCB and Treasury)

39.     UWM realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 38 above as though fully alleged in this Paragraph 39.

40.     UWM is credibly informed and believes that NYCB and Treasury claim some adverse right, title or interest in and to Unit 803 that is superior to UWM's beneficial interest under the Barrett Second Deed of Trust.

41.     UWM's beneficial interest in Unit 803 under the Barrett Second Deed of Trust is superior to the right, title and interest asserted by NYCB and Treasury in this case and a Judgment ordering that UWM's beneficial interest in Unit 803 is superior to the right, title and interest asserted by NYCB and Treasury should be entered as requested below.

8

WHEREFORE, UWM requests judgment against NYCB and Treasury as follows:

A.      That NYCB and Treasury, their heirs, beneficiaries, devisees, successor trustees, legatees, successors or assigns, be barred and forever estopped from having, claiming, or asserting any right, title, or interest in or to Unit 803 that is superior to UWM's beneficial interest;

B.      For an award of UWM's costs and attorneys' fees incurred herein pursuant to A.R.S. § 12-1103, plus interest at the legal rate per annum from the date of judgment until paid; and

C.      For such other and further relief as the Court deems necessary or proper under the circumstances.

## COUNT III

## COMMON LAW FRAUD

(Against Nathan Sproul and Tiffani Sproul)

42.     UWM realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 41 above as though fully alleged in this Paragraph 42.

43.     Nathan Sproul had a duty to provide accurate and complete information on the loan application.

44.     Whether Nathan Sproul was subject to outstanding judgments and tax liens against him was a material fact regarding the loan.

45.     Nathan Sproul's failure to disclose these material facts was equivalent to a misrepresentation.

46.    Nathan Sproul's representations regarding the judgments and liens against him were false.

47.    UWM, through Barrett, justifiably relied on the truth of these representations.

48.    The reliance of UWM, through Barrett, was reasonable and justified under the circumstances.

49.    UWM has suffered damages as a result of the reliance on Nathan Sproul's representations in an amount to be determined at Trial.

50.    UWM, through Barrett, would not have funded the $900,000.00 loan if Nathan Sproul had disclosed all material facts about the judgments and liens against him.

51.    This claim arises out of contract and thus UWM is entitled to its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

52.    Upon information and belief, Nathan Sproul acted with an evil mind, which authorizes an award of punitive damages.

WHEREFORE, UWM respectfully requests that the Court enter judgment against Nathan Sproul and Tiffani Sproul as follows:

A.    For direct, consequential and punitive damages in an amount to be proven at trial, with pre-judgment interest thereon;

B.    For an award of costs and attorneys' fees and, in the event of default, not less than Five Thousand Dollars ($5,000.00); and

C.    For such other and further relief as the Court deems just and proper under the circumstances.

**COUNT IV**

**NEGLIGENT MISREPRESENTATION**

(Against Nathan Sproul and Tiffani Sproul)

53.     UWM realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 52 above as though fully alleged in this Paragraph 53.

54.     Nathan Sproul omitted and suppressed material facts in connection with the loan application.

55.     Nathan Sproul intended that UWM, through Barrett, rely on information that he provided and Nathan Sproul provided such information for that purpose.

56.     Nathan Sproul failed to exercise reasonable care in communicating material information in connection with the loan application.

57.     UWM, through Barrett, justifiably relied on the truth of these representations.

58.     The reliance of UWM, through Barrett, was reasonable and justified under the circumstances.

59.     UWM, through Barrett, suffered damages as a result of its reliance on the representation of Nathan Sproul in an amount to be determined at Trial.

60.     UWM, through Barrett, would not have funded the $900,000.00 loan if Nathan Sproul had disclosed all material facts about the judgments and liens against him in the loan application.

61.     This claim arises out of contract and thus UWM, through Barrett, is entitled to its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

WHEREFORE, UWM respectfully requests that the Court enter judgment against Nathan Sproul and Tiffani Sproul as follows:

A.    For direct and consequential damages in an amount to be proven at trial, with pre-judgment interest thereon;

B.    For an award of costs and attorneys' fees and, in the event of default, not less than Five Thousand Dollars ($5,000.00); and

C.    For such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V

## NEGLIGENCE

(Against Nathan Sproul and Tiffani Sproul)

62.    UWM realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 61 above as though fully alleged in this Paragraph 62.

63.    Nathan Sproul owed a duty to UWM, through Barrett, to disclose all material information regarding the liens and judgments against him in the loan application.

64.    Nathan Sproul failed to exercise reasonable care in disclosing material information in connection with the loan application.

65.    UWM suffered damages as a result of Defendant Nathan Sproul's breach of his duty to disclose material information in connection with the loan application.

66.    This claim arises out of contract and thus UWM is entitled to its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

12

WHEREFORE, UWM respectfully requests that the Court enter judgment against Nathan Sproul and Tiffani Sproul as follows:

A.      For direct and consequential damages in an amount to be proven at trial, with pre-judgment interest thereon;

B.      For an award of costs and attorneys' fees and, in the event of default, not less than Five Thousand Dollars ($5,000.00); and

C.      For such other and further relief as the Court deems just and proper under the circumstances.

## COUNT VI

## NEGLIGENCE

(Against Real T)

67.      UWM realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 66 above as though fully alleged in this Paragraph 67.

68.      Real T owed a duty to UWM, through Barrett, to locate and include all recorded liens and judgments against Nathan Sproul for inclusion in the Commitment for Title Insurance regarding Unit 803.

69.      Real T failed to exercise reasonable care in conducting the title abstract services and, as a result, the Commitment for Title Insurance failed to reference the NYCB Judgment and the federal tax lien that had been recorded against Nathan Sproul and thus encumbered Unit 803.

70.      UWM suffered damages as a result of Real T's breach of its duty.

71.     This claim arises out of contract and thus UWM is entitled to its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

WHEREFORE, UWM respectfully requests that the Court enter judgment against Real T as follows:

A.     For direct and consequential damages in an amount to be proven at trial, with pre-judgment interest thereon;

B.     For an award of costs and attorneys' fees and, in the event of default, not less than Five Thousand Dollars ($5,000.00); and

C.     For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 19th day of February, 2025.

MUSGROVE DRUTZ BUTNER & GAUTREAUX, PC

By _____
     Mark W. Drutz
     Jeffrey D. Gautreaux
     Attorneys for Plaintiff

14

## VERIFICATION

STATE OF _Michigan_ )
                      ) ss.
County of _Oakland_ )

Linda Terrasi, being first duly sworn upon his oath, deposes and says:

That she is EVP, Special Advisor to Risk for the Plaintiff in the above-captioned

matter and, as such, is authorized to execute this Verification, and that she has read the

Complaint and that the contents contained therein are true in substance and in fact to the

best of undersigned's knowledge, except as to those matters stated upon information and

belief, and as to those, he believes them to be true.

_____
Linda Terrasi

SUBSCRIBED AND SWORN to before me this _23_ day of January, 2025, by
Linda Terrasi.

_____
Notary Public

My Commission Expires:

_10.19.2031_

ALICE FAHY
County of Oakland
Acting in the County
of _Oakland_
My Commission
Expires 10-19-2031
NOTARY PUBLIC, STATE OF MICHIGAN

# ATTACHMENT 4

## Service Documents

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [ ☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358276

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender

Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn, et al.

Name of Defendant

| **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
|---|

**FROM THE STATE OF ARIZONA TO:** New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1114842

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358277

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender
Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn, et al.
Name of Defendant

> **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** The United States Treasury
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #11141842

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #1114842

Person Filing: Mark W. Drutz

Address (if not protected): P.o. Box 2720

City, State, Zip Code: Prescott, AZ 86302

Telephone: (928)445-5935

Email Address: admin@mdkglaw.com

Representing [ ☐ ] Self or [ ☒ ] Attorney for:

Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358278

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender

Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn, et al.

Name of Defendant

> **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Nathan Sproul

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

*AZturboCourt.gov Form Set #11141842*

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358279

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender

Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn, et al.

Name of Defendant

> **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Tiffiani Sproul

Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1114842

3.   If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.   You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.   Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358280

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender
_____
Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn, et al.
_____
Name of Defendant

| **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Real T Solutions, Inc., a foreign corporation
_____
Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1114842

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZinfoCourt.gov Form Set #1114842

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358281

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage
lender
Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba
Amtrust Bank, a national banking assn, et al.
Name of Defendant

> **WARNING**: This is an official document from the court that affects your rights. Read this carefully.
> If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** ABC Corporations I-X

Name of Defendant

1.  **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons".*

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation.</u> Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #1114842

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*



*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [□  ] Self or [⊠  ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358282

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender
_____
Name of Plaintiff

**SUMMONS**

AND


New York Community Bank dba Amtrust Bank dba
Amtrust Bank, a national banking assn, et al.
_____
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.  If you do not understand it, contact a lawyer for help. |
| --- |


**FROM THE STATE OF ARIZONA TO:** XYZ Partnerships I-X
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #111141842

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [ ☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358283

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender

Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba Amtrust Bank, a national banking assn, et al.

Name of Defendant

| **WARNING**: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Unknown Heirs of any of the above, if they be deceased

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

*AZturboCourt.gov Form Set #11141842*

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358284

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage lender
_____
Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba
Amtrust Bank, a national banking assn, et al.
_____
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.  If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** John Does I-X
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> <u>or electronically file your Answer through one of Arizona's approved electronic filing systems at</u> <u>http://www.azcourts.gov/efilinginformation</u>. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #11141842

3.   If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.   You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.   Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Mark W. Drutz
Address (if not protected): P.o. Box 2720
City, State, Zip Code: Prescott, AZ 86302
Telephone: (928)445-5935
Email Address: admin@mdkglaw.com
Representing [ ☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 006772, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
D. Araujo, Deputy
2/19/2025 10:19:59 AM
Filing ID 19358285

## SUPERIOR COURT OF ARIZONA
### IN MARICOPA COUNTY

Case Number: **CV2025-006316**

United Wholesale Mortgage, a national mortgage
lender
Name of Plaintiff

**SUMMONS**

AND

New York Community Bank dba Amtrust Bank dba
Amtrust Bank, a national banking assn, et al.
Name of Defendant

> **WARNING**: This is an official document from the court that affects your rights. Read this carefully.
> If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Jane Does I-X

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #11141842

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *February 19, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *D. ARAUJO*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
3/6/2025 2:55:03 PM
Filing ID 19454642

1  Mark W. Drutz, #006772
2  Jeffrey Gautreaux, #028104
   **MUSGROVE DRUTZ BUTNER & GAUTREAUX, PC**
3  1135 W. Iron Springs Road
   P.O. Box 2720
4  Prescott, Arizona 86302-2720
5  Phone: **(928) 445-5935**
   Fax:    (928) 445-5980
6  Firm Email: admin@mdkglaw.com
7  Attorneys for Plaintiff

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9           IN AND FOR THE COUNTY OF MARICOPA
10

11 | UNITED WHOLESALE MORTGAGE, a     | Case No. CV2025-006316 |
   | national mortgage lender,        |                        |
12 |                                  | **ACCEPTANCE OF SERVICE** |
13 |              Plaintiff,          |                        |
14 | v.                               |                        |
15 |                                  |                        |
   | NEW YORK COMMUNITY BANK dba      |                        |
16 | AMTRUST BANK, a national banking |                        |
   | association; THE UNITED STATES   |                        |
17 | TREASURY; NATHAN SPROUL and      |                        |
   | TIFFANI SPROUL, husband and wife;|                        |
18 | REAL T SOLUTIONS, INC., a foreign|                        |
19 | corporation; ABC CORPORATIONS I-X;|                       |
   | XYZ PARTNERSHIPS I-X; UNKNOWN    |                        |
20 | HEIRS OF ANY OF THE ABOVE, IF    |                        |
   | THEY BE DECEASED; JOHN DOES I-   |                        |
21 | X; and JANE DOES I-X,            |                        |
22 |                                  |                        |
23 |              Defendants.         |                        |

24

25 STATE OF ARIZONA         )
                            ) ss.
26 County of Maricopa       )

27
       I, ALAN CHRISTENSON, upon my oath depose and say that:
28

                               1

I am the attorney for Defendants Nathan Sproul and Tiffani Sproul, husband and wife, in the above-captioned matter and that I have received copies of the Complaint, Certificate of Compulsory Arbitration and Summons in this matter. I hereby certify that I accept these documents on behalf of my clients and waive formal service of the same in compliance with the Arizona Rules of Civil Procedure.

My clients are not in the active military service of the United States and affirmatively agree that this action may proceed as though they were personally served inside the State of Arizona with said documents.

**I understand that by accepting service in this manner, I do not waive any of my clients' other rights under the laws of the State of Arizona.**

DATED this 6th day of March, 2025.

_____
ALAN CHRISTENSON

SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, this 6th day of March, 2025, by Alan Christenson.

_____
Notary Public

My Commission Expires:

September 22, 2025



JENNIFER PERKINS
Notary Public, State of Arizona
Maricopa County
Commission # 615819
My Commission Expires
September 22, 2025

2

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
4/14/2025 3:31:27 PM
Filing ID 19671890

Certificate of Service of Process by Certified Process Server
SUPERIOR COURT
MARICOPA COUNTY, ARIZONA
Case Number: CV2025-006316

UNITED WHOLESALE MORTGAGE, a national mortgage lender
vs.
NEW YORK COMMUNITY BANK dba AMTRUST BANK, a national banking associat.

The undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4(d), 4(e), and 45(b), to serve process in this case; that on 03/28/2025, from Musgrove, Drutz, Butner, and Gautreaux, Jeffrey Gautreaux, #028104, Attorney for Plaintiff
I received the documents listed below:

Summons
Complaint
Certificate of Compulsory Arbitration

I personally served a copy of each document listed above on those named below in the manner and at the time and place shown, hereafter, set forth, to wit:
Entity Served:
New York Community Bank dba Amtrust Bank, by serving Corporation Service Company, Statutory Agent
Address where served: 7955 S. Priest Drive, Suite 102, Tempe, AZ 85284
(Corporation Service Company)

Date and Time:  April 7, 2025 at 10:05 AM.

Manner of Service( )personal; ( )substitute; (x)authorized to accept
By serving: Claudia Dame

Military Status: Unknown   Physical: Female of unknown ethnicity, approximate age 55, 5'3", 165 pounds, black hair, wears eyeglasses.

I certify under penalty of perjury, the foregoing is true and correct.
          Mark Hepp (MC# 7803)
                                        Process Server,  Maricopa  , County

Executed on  April 8, 2025

Palmer Investigative Services
P.O. Box 10760                    $ _____.__ Cost of Service
Prescott, AZ 86304-0760           $ _____.__ Palmer's Shipping
928.778.2951                      $ 135.00 .__ Total Cost

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
5/28/2025 4:09:04 PM
Filing ID 19923583

Affidavit of Service of Process

SUPERIOR COURT
MARICOPA COUNTY, ARIZONA
Case Number: CV2025-006316

UNITED WHOLESALE MORTGAGE, a national mortgage lender
vs.
NEW YORK COMMUNITY BANK dba AMTRUST BANK, a national banking associat.
Subscribed and Sworn, State of:
                         County of:
Having been duly sworn I make the following statements upon my oath:
That I am fully qualified pursuant to RCP 4(d), 4.2(b), and 45(b), to
serve process in this case; that I received the documents listed
below from Palmer Investigative Services: for Jeffrey Gautreaux, #028104,
                                           Attorney for plaintiff
Summons
Certificate of Compulsory Arbitration
Complaint

I personally served a copy of each document listed above on those
named below in the manner and at the time and place shown, hereafter,
set forth, to wit:
Entity Served:
Real T. Solutions, Inc., a foreign corporation
Address where served: 9257 Scenic Bluff Dr, Austin, Travis County, TX 78733


Date and Time: 16th day of May, 2025 at 9:52 am

Manner of Service( )personal; ( )substitute; (x)authorized to accept
By serving: Served to Brandon Lee as Registered Agent for Real T. Solutions, Inc.
Military Status:         Physical:     _Barbara C. Stinnett_
                                       Barbara Crossley Stinnett, PSC-24711; Exp. 6/30/2026
( )Sheriff, (x)Process Server, ( )Constable, ( )Other_____

Sworn to before me, a notary public, this 23 day of May ,20 25,
_____ my commission expires 5-12-2026 .
Palmer Investigative Services      $_____.__ Cost of Service
P.O. Box 10760                     $_____.__ Cost of Mileage
Prescott, AZ 86304-0760            $_____.__ Other_____
928.778.2951                       $_____.__ Affidavit Prep/Notary
                                   $_____.__ Palmer's Shipping
                                   $ 240 .00 Total Cost

WHITLEY A. RIGGS
Notary Public, State of Texas
Comm. Expires 05-12-2026
Notary ID 133758879

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
7/22/2025 3:28:08 PM
Filing ID 20245505

Certificate of Service of Process by Certified Process Server
SUPERIOR COURT
MARICOPA COUNTY, ARIZONA
Case Number: CV2025-006316
UNITED WHOLESALE MORTGAGE, a national mortgage lender
vs.
NEW YORK COMMUNITY BANK dba AMTRUST BANK, a national banking associat.
The undersigned certifies under penalty of perjury: That I am fully
qualified pursuant to RCP 4(d), 4(e), and 45(b), to serve process in
this case; that on 07/10/2025, from Musgrove, Drutz, Butner, and
Gautreaux, Jeffrey Gautreaux, #028104, Attorney for Plaintiff
I received the documents listed below:

Cover Letter
Amended Summons
Complaint
Certificate of Compulsory Arbitration

I personally served a copy of each document listed above on those
named below in the manner and at the time and place shown, hereafter,
set forth, to wit:
Entity Served:
The United States Treasury, Department of the Treasury - Internal
Revenue Service
Address where served: **United States Attorney's Office
40 N. Central Avenue, Suite 1800, Phoenix, AZ 85004**

Date and Time: **July 17, 2025, at 10:43 am**

Manner of Service( )personal; ( )substitute; (**X**)authorized to accept
By serving: **Caryn Chipman, Receptionist**

Military Status: **N/A**        Physical: **White Female, 50-60 YOA, 5'6", 115 lbs.,
with Brown/Graying Hair, and Glasses.**

I certify under penalty of perjury, the foregoing is true and
correct.
_____        **Phil Alkhoury, #MC-8241, Maricopa**
                          Process Server,        , County
Executed on: **July 18, 2025**

Palmer Investigative Services
P.O. Box 10760                    $_____.__ Cost of Service
Prescott, AZ 86304-0760           $_____.__ Palmer's Shipping
928.778.2951                      $ 170.00 Total Cost

# ATTACHMENT 5

Answer

(3 Answers have been filed)

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
4/4/2025 11:14:22 AM
Filing ID 19619435

COPPER CANYON LAW

1 WEST MAIN ST.
Mesa, Arizona 85201
(480) 833-3838
www.coppercanyonlaw.com
D. Cody Huffaker (028907)
Cody@coppercanyonlaw.com
Michael Shannon (037557)
michael@coppercanyonlaw.com
Megan Williams (038629)
megan@coppercanyonlaw.com
**FOR COURT USE ONLY:**
calendaring@coppercanyonlaw.com
*Attorneys for Nathan Sproul and Tiffani Sproul*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, a national mortgage lender,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK COMMUNITY BANK dba AMTRUST BANK, a national banking association; THE UNITED STATES TREASURE; NATHAN SPROUL and TIFFANI SPROUL, husband and wife; REAL T SOLUTIONS, INC., a foreign corporation; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X; UNKNOWN HEIRS OF ANY OF THE ABOVE, IF THEY BE DECEASED; JOHN DOES I-X; and JANE DOES I-X,<br><br>Defendants. | Case No. CV2025-006316<br><br>**DEFENDANTS NATHAN SPROUL AND TIFFANI SPROUL'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Nathan Sproul and Tiffani Sproul, for their Answer to Plaintiff's Complaint, admit, deny, and allege as follows:

**JURISDICTION AND VENUE**

1.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 1 and therefore deny the same.

2.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 2 and therefore deny the same.

3.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 3 and therefore deny the same.

4.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 4 and therefore deny the same.

5.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 5 and therefore deny the same.

6.     Defendants admit the allegations in Paragraph 6.

7.     Defendants admit the allegations in Paragraph 7.

8.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 8 and therefore deny the same.

9.     Defendants lack sufficient information or knowledge to respond to the allegations in Paragraph 9 and therefore deny the same.

**GENERAL ALLEGATIONS**

10.     Defendants incorporate each preceding response.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     Paragraph 13 states a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 15 and therefore deny the same.

16.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 16 and therefore deny the same.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 15 and therefore deny the same 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

22.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 22 and therefore deny the same.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 15 and therefore deny the same.

25.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 25 regarding the exact amount they have paid and therefore deny the same. Defendants affirmatively allege that they have made payments above and beyond the amount listed in Paragraph 25.

26.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 26 and therefore deny the same.

27.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 27 and therefore deny the same.

28.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 28 and therefore deny the same.

29.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 29 and therefore deny the same.

1    30.    Defendants lack sufficient knowledge or information to respond to the
2    allegations in Paragraph 30 and therefore deny the same.

3    31.    Defendants lack sufficient knowledge or information to respond to the
4    allegations in Paragraph 31 and therefore deny the same.

5    32.    Defendants lack sufficient knowledge or information to respond to the
6    allegations in Paragraph 32 and therefore deny the same.

7    **COUNT I DECLARATORY JUDGMENT**

8    (Against NYCB and Treasury)

9    33.    This allegation is not directed at Defendants Sproul. To the extent that it is,
10    Defendants deny this allegation.

11    34.    This allegation is not directed at Defendants Sproul. To the extent that it is,
12    Defendants deny this allegation.

13    35.    This allegation is not directed at Defendants Sproul. To the extent that it is,
14    Defendants deny this allegation.

15    36.    This allegation is not directed at Defendants Sproul. To the extent that it is,
16    Defendants deny this allegation.

17    37.    This allegation is not directed at Defendants Sproul. To the extent that it is,
18    Defendants deny this allegation.

19    38.    This allegation is not directed at Defendants Sproul. To the extent that it is,
20    Defendants deny this allegation.

21    **COUNT II QUIET TITLE**

22    (Against NYCB and Treasury)

23    39.    This allegation is not directed at Defendants Sproul. To the extent that it is,
24    Defendants deny this allegation.

25    40.    This allegation is not directed at Defendants Sproul. To the extent that it is,
26    Defendants deny this allegation.

41.    This allegation is not directed at Defendants Sproul. To the extent that it is, Defendants deny this allegation.

## COUNT III COMMON LAW FRAUD

(Against Nathan Sproul and Tiffani Sproul)

42.    Defendants incorporate each preceding response.

43.    Paragraph 43 states a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 43.

44.    Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 44 and therefore deny the same.

45.    Defendants deny the allegations in Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46.

47.    Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 47 and therefore deny the same.

48.    Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 48 and therefore deny the same.

49.    Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 49 and therefore deny the same.

50.    Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 50 and therefore deny the same.

51.    Defendants deny the allegations in Paragraph 51.

52.    Defendants deny the allegations in Paragraph 52.

## COUNT IV NEGLIGENT MISREPRESENTATION

(Against Nathan Sproul and Tiffani Sproul)

53.    Defendants incorporate each preceding response.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56,

57.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 57 and therefore deny the same.

58.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 58 and therefore deny the same.

59.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 59 and therefore deny the same.

60.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 60 and therefore deny the same.

61.     Defendants deny the allegations in Paragraph 60.

**COUNT V NEGLIGENCE**

(Against Nathan Sproul and Tiffani Sproul)

62.     Defendants incorporate each preceding response.

63.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 63 and therefore deny the same.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants lack sufficient knowledge or information to respond to the allegations in Paragraph 65 and therefore deny the same.

66.     Defendants deny the allegations in Paragraph 66.

**COUNT VI NEGLIGENCE**

(Against Real T)

67.     This allegation is not directed at Defendants Sproul. To the extent that it is, Defendants deny this allegation.

68.     This allegation is not directed at Defendants Sproul. To the extent that it is, Defendants deny this allegation.

1    69.    This allegation is not directed at Defendants Sproul. To the extent that it is,

2  Defendants deny this allegation.

3    70.    This allegation is not directed at Defendants Sproul. To the extent that it is,

4  Defendants deny this allegation.

5    71.    This allegation is not directed at Defendants Sproul. To the extent that it is,

6  Defendants deny this allegation.

7    72.    Defendants deny each allegation not expressly admitted herein.

8                              **<u>AFFIRMATIVE DEFENSES</u>**

9    1.    Plaintiff fails to state a claim upon which relief may be granted.

10    2.    Defendants hereby raise the following affirmative defenses which may be

11  supported by subsequent discovery: release, setoff, failure to mitigate damages, statute of

12  frauds, and unclean hands.

13    3.    Defendants hereby reserve the right to plead further affirmative defense

14  including, but not limited to, those affirmative defenses set forth in Rule 8(c) and Rule

15  12(b), Ariz. R. Civ. P., as may be justified by the facts determined during discovery.

16    WHEREFORE, the Defendants pray for judgment as follows:

17  **A.** That Plaintiff's claims be dismissed;

18  **B.** That Plaintiff take nothing by reason of its Complaint;

19  **C.** For costs of suit and attorneys' fees pursuant to all applicable law, including but not

20    limited to A.R.S. § 12-341.01, and 12-349; and

21  **D.** For such other relief available under law and equity.

22    DATED: April 4, 2025                **COPPER CANYON LAW**

23                                     By: */s/ D. Cody Huffaker*
                                       D. Cody Huffaker
24                                     Michael Shannon
                                       Megan Williams
25                                     *Attorneys for Nathan Sproul and Tiffani*
26                                     *Sproul*

*Original* e-filed on
April 4, 2025.

*Copy* mailed on
April 4, 2025 to:

**MUSGROVE DRUTZ BUTNER & GAUTREAUX, PC**
Mark. W. Drutz
Jeffrey D. Gautreaux
1135 W. Iron Springs Road
P.O. Box 2720
Prescott, Arizona 86302-2720
*Attorneys for Plaintiff United Wholesale Mortgage*


By: */s/ Emily Steimle*

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
5/12/2025 3:47:50 PM
Filing ID 19833345

1  HINSHAW & CULBERTSON LLP
Mitra Paul Singh (033025)
2  2375 E. Camelback Rd., Suite 410
Phoenix, AZ 85016
3  Tel: 602-383-6025
Email: msingh@hinshawlaw.com
4

5  *Attorneys for Flagstar Bank, N.A.,*
*successor by merger to New York*
6  *Community Bank dba Amtrust Bank*

7

8  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9  **IN AND FOR THE COUNTY OF MARICOPA**

10

11  UNITED WHOLESALE MORTGAGE,
a national mortgage lender,

        Case No. CV2025-006316

12          Plaintiff,

        **ANSWER**

13          vs.

        (Hon. Rodrick Coffey)

14  NEW YORK COMMUNITY BANK dba
AMTRUST BANK, a national banking
15  association; THE UNITED STATES OF
TREASURY; NATHAN SPROUL and
16  TIFFANI SPROUL, husband and wife;
REAL T SOLUTIONS, INC., a foreign
17  corporation; ABC CORPORATIONS I-X;
XYZ PARTNERSHIPS I-X; UNKNOWN
18  HEIRS OF ANY OF THE ABOVE, IF THEY
BE DECEASED; JOHN DOES I-X; and
19  JANE DOES I-X,

20          Defendants.

21

22        Flagstar Bank, N.A. ("Flagstar"), successor by merger to New York Community

23  Bank dba Amtrust Bank ("NYCB"), as and for its Answer to the Complaint of plaintiff

24  United Wholesale Mortgage ("Plaintiff" or "UWM"), hereby alleges as follows:

25

26

**JURISDICTION AND VENUE**

1.      Flagstar admits the allegations in Paragraph 1 of the Complaint and specifically alleges that its interest in the property known as 140 East Rio Salado Parkway, Unit 803, Tempe AZ 85821-5498 ("Unit 803") is by virtue of a judgment in favor of its predecessor, NYCB, against Nathan D. Sproul and Tiffani Sproul, owners of Unit 803, in the original amount of $927,957.57 and docketed on April 1, 2013, which judgment was renewed on February 2, 2018 (the "Flagstar Judgment").

2.      Flagstar admits the allegations in Paragraph 2 of the Complaint.

3.      Flagstar admits the allegations in Paragraph 3 of the Complaint.

4.      Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis, denies the allegations asserted therein.

5.      Flagstar denies that its predecessor, NYCB, was a national banking association, but admits that NYCB was doing business in Arizona. Flagstar further admits that Flagstar is a national banking association doing business in Arizona.

6.      Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies the allegations asserted therein.

7.      Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies the allegations asserted therein.

8.      Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis, denies the allegations asserted therein.

9.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, denies the allegations asserted therein.

## GENERAL ALLEGATIONS

10.    Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

11.    Flagstar admits the allegations in Paragraph 11 of the Complaint.

12.    Flagstar admits the allegations in Paragraph 12 of the Complaint to the extent that the public records of the Maricopa County Recorder reflect a Deed of Trust, in the amount of $524,000.00, against Unit 803 and executed by Nathan Sproul on May 19, 2022.

13.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies the allegations asserted therein.

14.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies the allegations asserted therein.

15.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies the allegations asserted therein.

16.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis, denies the allegations asserted therein.

17.    Flagstar admits the allegations in Paragraph 17 of the Complaint to the extent that the public records of the Maricopa County Recorder reflect a Deed of Trust,

in the amount of $900,000.00, against Unit 803 and executed by Nathan Sproul on May July 24, 2023.

18.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies the allegations asserted therein.

19.    Flagstar admits the allegations in Paragraph 19 of the Complaint to the extent that the public records of the Maricopa County Recorder reflect a Notice of Federal Tax Lien, in the amount of $1,354,107.60 and filed against "Nathan D & Tiffani H Sproul" on March 30, 2023.

20.    Flagstar admits the allegations in Paragraph 20 of the Complaint.

21.    Flagstar admits the allegations in Paragraph 21 of the Complaint.

22.    Flagstar admits the allegations in Paragraph 22 of the Complaint.

23.    Flagstar admits the allegations in Paragraph 23 of the Complaint.

24.    Flagstar admits the allegations in Paragraph 24 of the Complaint.

25.    Flagstar denies the allegations in Paragraph 25 of the Complaint.

26.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies the allegations asserted therein.

27.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies the allegations asserted therein.

28.    Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis, denies the allegations asserted therein.

29.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, denies the allegations asserted therein.

30.     Flagstar admits the allegations in Paragraph 30 of the Complaint to the extent that the Flagstar Judgment is superior to Plaintiff's interest in Unit 803.

31.     Flagstar denies the allegations in Paragraph 30 of the Complaint.

32.     Flagstar denies the allegations in Paragraph 30 of the Complaint.

**COUNT I**

**DECLARATORY JUDGMENT**

**(Against NYCB and Treasury)**

33.     Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

34.     Flagstar admits the allegations in Paragraph 34 of the Complaint.

35.     Flagstar admits the allegations in Paragraph 35 of the Complaint.

36.     Flagstar admits the allegations in Paragraph 36 of the Complaint.

37.     Flagstar admits the allegations in Paragraph 37 of the Complaint.

38.     Flagstar admits the allegations in Paragraph 38 of the Complaint solely to the extent that this Court is authorized to determine the dispute herein and render a judgment, but otherwise denies the remaining allegations, including Plaintiff's entitlement to the relief sought in the Complaint.

WHEREFORE, Flagstar requests that Plaintiff's request for relief in Count I be denied in its entirety, and Count I be dismissed as against Flagstar, together with such other and further relief as this Court deems just and proper.

///

///

///

**COUNT II**

**QUIET TITLE**

**(Against NYCB and Treasury)**

39.   Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

40.   Flagstar admits the allegations in Paragraph 40 of the Complaint.

41.   Flagstar denies the allegations in Paragraph 41 of the Complaint.

WHEREFORE, Flagstar requests that Plaintiff's request for relief in Count II be denied in its entirety, and Count II be dismissed as against Flagstar, together with such other and further relief as this Court deems just and proper.

**COUNT III**

**COMMON LAW FRAUD**

**(Against Nathan Sproul and Tiffani Sproul)**

42.   Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

43.   Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on that basis, denies the allegations asserted therein.

44.   Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis, denies the allegations asserted therein.

45.   Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and on that basis, denies the allegations asserted therein.

46.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis, denies the allegations asserted therein.

47.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis, denies the allegations asserted therein.

48.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis, denies the allegations asserted therein.

49.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis, denies the allegations asserted therein.

50.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis, denies the allegations asserted therein.

51.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis, denies the allegations asserted therein.

52.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis, denies the allegations asserted therein.

## COUNT IV

### NEGLIGENT MISREPRESENTATION

**(Against Nathan Sproul and Tiffani Sproul)**

53.     Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

54. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis, denies the allegations asserted therein.

55. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis, denies the allegations asserted therein.

56. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis, denies the allegations asserted therein.

57. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis, denies the allegations asserted therein.

58. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis, denies the allegations asserted therein.

59. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis, denies the allegations asserted therein.

60. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis, denies the allegations asserted therein.

61. Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis, denies the allegations asserted therein.

///

///

**COUNT V**

**NEGLIGENCE**

**(Against Nathan Sproul and Tiffani Sproul)**

62.     Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

63.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis, denies the allegations asserted therein.

64.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and on that basis, denies the allegations asserted therein.

65.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and on that basis, denies the allegations asserted therein.

66.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and on that basis, denies the allegations asserted therein.

**COUNT VI**

**NEGLIGENCE**

**(Against Real T)**

67.     Flagstar incorporates by reference the foregoing responses as is more fully set forth herein.

68.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and on that basis, denies the allegations asserted therein.

69.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, and on that basis, denies the allegations asserted therein.

70.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and on that basis, denies the allegations asserted therein.

71.     Flagstar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and on that basis, denies the allegations asserted therein.

## AFFIRMATIVE DEFENSES

72.     The Complaint fails to state claims upon which relief can be granted as against Flagstar.

73.     Plaintiff failed to mitigate its alleged damages.

74.     Any and all damages claimed by Plaintiff must be reduced, eliminated, diminished, or barred in proportion to the wrongful or negligent conduct of Plaintiff and its representatives, agents and employees under the principles of comparative fault and contributory negligence.

75.     Plaintiff's alleged injuries and damages (if any) were solely caused by Plaintiff's own negligence or inattention, or were caused by the conduct of others for whom Flagstar is not responsible

76.     Plaintiff's claims are barred by the applicable statute of limitations.

77.     Plaintiff lacks standing.

///

///

///

///

1    WHEREFORE, Flagstar respectfully requests that Count I and Count II, as

2  asserted against Flagstar, be dismissed, with prejudice, together with such other and

3  further relief as this Court deems just and proper

4    DATED this 12th day of May, 2025.

5

6    HINSHAW & CULBERTSON LLP

7    /s/ Mitra Paul Singh

8    Mitra Paul Singh
    *Attorneys for Flagstar Bank, N.A.,*
9    *successor by merger to New York*
10    *Community Bank dba Amtrust Bank*

11  **ORIGINAL** of the foregoing e-filed
12  this 12th day of May, 2025

13  **COPY** of the foregoing emailed
14  this 12th day of May, 2025, to:

15  Mark W. Drutz, Esq.
    Jeffrey D. Gautreaux, Esq.
16  Musgrove Drutz Butner & Gautreaux, PC
    1135 West Iron Springs Road
17  P. O. Box 2720
    Prescott, AZ  86302-2720
18  admin@mdkglaw.com
    *Attorneys for Plaintiff*
19
    By: /s/ Candice J. Cromer
20

21

22

23

24

25

26

Clerk of the Superior Court
*** Electronically Filed ***
L. Martinez, Deputy
7/2/2025 10:06:41 AM
Filing ID 20126821

Kurt M. Zitzer, AZ Bar No. 014110
kzitzer@meagher.com
Nikos P. Povilaitis, AZ Bar No. 038481
npovilaitis@meagher.com
**MEAGHER + GEER, P.L.L.P.**
16767 N. Perimeter Drive, Suite 210
Scottsdale, AZ 85260
Telephone: (480) 607-9719
Facsimile: (480) 607-9780
Minute Entries: Central-docket@meagher.com
*Attorneys for Defendant Real T Solutions, Inc.*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, a national mortgage lender, | Case No. CV2025-006316 |
| Plaintiff, | **DEFENDANT REAL T SOLUTIONS, INC.'S ANSWER** |
| v. | *(Assigned to the Honorable Rodrick Coffey)* |
| NEW YORK COMMUNITY BANK dba AMTRUST BANK, a national banking association; THE UNITED STATES TREASURY; NATHAN SPROUL and TIFFANI SPROUL, husband and wife; REAL T SOLUTIONS, INC., a foreign corporation; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X; UNKNOWN HEIRS OF ANY OF THE ABOVE, IF THEY BE DECEASED; JOHN DOES I-X, | |
| Defendants. | |

Defendant Real T Solutions, Inc. ("Real T") through undersigned counsel, submits its Answer to the Complaint filed by Plaintiff United Wholesale Mortgage ("Plaintiff"). For its Answer to Plaintiff's Complaint, Real T objects, responds, and alleges as follows: Real T denies each and every allegation not specifically admitted herein.

/ / /

/ / /

1

## JURISDICTION AND VENUE

1.      Real T admits the subject matter of Paragraph 1 related to Real T but is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 relating to other parties and must therefore deny the same.

2.      Real T admits the allegations in Paragraph 2.

3.      Real T admits the allegations in Paragraph 3.

4.      Real T lacks sufficient information or knowledge to form a belief as to the truth of allegations contained in Paragraph 4 and must therefore deny the same.

5.      Real T lacks sufficient information or knowledge to form a belief as to the truth of allegations contained in Paragraph 5 and must therefore deny the same.

6.      Real T lacks sufficient information or knowledge to form a belief as to the truth of allegations contained in Paragraph 6 and must therefore deny the same.

7.      Real T lacks sufficient information or knowledge to form a belief as to the truth of allegations contained in Paragraph 7 and must therefore deny the same.

8.      Real T admits the allegations in Paragraph 8.

9.      Paragraph 9 of the Complaint relates to the identification of fictitious defendants and requires no response from Real T. In the event a response is required, Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 and must therefore deny the same.

## GENERAL ALLEGATIONS

10.      Real T reasserts and incorporates herein by reference its responses to the allegations contacted in Paragraphs 1-9 of its Answer as though expressly set forth herein.

11.      Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 and must therefore deny the same.

12.      Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 and must therefore deny the same.

2

13.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 and must therefore deny the same.

14.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 and must therefore deny the same.

15.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 and must therefore deny the same.

16.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 and must therefore deny the same.

17.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 and must therefore deny the same.

18.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 and must therefore deny the same.

19.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 and must therefore deny the same.

20.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 and must therefore deny the same.

21.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 and must therefore deny the same.

22.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 and must therefore deny the same.

23.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 and must therefore deny the same.

24.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 and must therefore deny the same.

25.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 and must therefore deny the same.

26.    Real T admits that it performed title search services but is without sufficient information or knowledge to form a belief as to the truth of the other allegations contained in Paragraph 26 and must therefore deny the same.

27.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 and must therefore deny the same.

28.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 and must therefore deny the same.

29.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 and must therefore deny the same.

30.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 and must therefore deny the same.

31.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 and must therefore deny the same.

32.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 and must therefore deny the same.

33.    Paragraphs 33-66 of the Complaint are not directed at Real T and require no response from Real T. In the event a response is required, Real T lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraphs 33-66 of the Complaint and must therefore deny the same.

## COUNT VI

## NEGLIGENCE

(Against Real T)

67.    Real T reasserts and incorporates herein by reference its responses to the allegations contacted in Paragraphs 1-32 of its Answer as though expressly set forth herein

68.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68 and must therefore deny the same.

1       69.    Real T denies the allegations set forth in Paragraph 69.

2       70.    Real T denies the allegations set forth in Paragraph 70.

3       71.    Real T is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71 and must therefore deny the same.

## AFFIRMATIVE DEFENSES

72.    Plaintiff's own conduct, actions, and inactions concerning the underlying claim bar maintaining this action against Real T.

73.    Real T affirmatively alleges that he adhered to the applicable standard of care and that it was not negligent in any manner.

74.    The damages alleged by Plaintiff are the result of its own conduct and recovery from Real T is therefore barred.

75.    Plaintiff assumed the risk of the alleged actions and is therefore responsible for all consequences of same.

76.    Plaintiff's own acts or omissions were the cause of the alleged damages, if any, thereby preventing or reducing any potential recovery from Real T.

77.    Real T expressly raises and affirmatively alleges the defenses of comparative fault, contributory negligence, failure to mitigate, and assumption of risk.

78.    Plaintiff's damages were caused, in whole or part, by individuals other than Real T. Plaintiff's damages, if any, must be apportioned amongst Plaintiff and all parties and/or non-parties, in accordance with each of their respective percentages of fault, if any, pursuant to A.R.S. §12-2501 *et seq.*

79.    Real T incorporates by this reference, as though fully set forth in this paragraph, each and every affirmative defense stated in the Arizona Rules of Civil Procedure, Rules 8(c) and 12(b), as applicable to this action.

80.    Real T alleges that it is entitled to contribution from other parties or non-parties if any amount is deemed recoverable in this matter.

81.     Real T adopts and incorporates by reference, as though fully set forth in this paragraph, each and every affirmative defense raised or that could have been raised in response to the complaint in the underlying lawsuits by any defendant or putative defendant to that action.

82.     Real T affirmatively reserves the right to amend this Answer and raise other affirmative defenses revealed over the course of investigation and/or discovery.

## GENERAL DENIAL

Real T generally denies all allegations it has not unequivocally and unambiguously admitted in its Answer.

## JURY DEMAND

Real T demands a jury trial of all fact questions that can be decided by an Arizona jury as a matter of right or on an advisory basis.

## REQUESTED RELIEF

WHEREFORE, having fully answered the Plaintiff's Complaint, Real T respectfully prays:

1.    The Complaint be dismissed with prejudice and Plaintiff takes nothing;

2.    Real T be awarded its costs and attorneys' fees pursuant to A.R.S. § 12-341 and 12-341.01;

3.    Real T be awarded its attorneys' fees pursuant to A.R.S. § 12-349, as incurred in this action; and

4.    Real T be granted such other and further relief as the court may deem just and proper.

RESPECTUFLLY SUBMITTED this 2nd day of July, 2025.

**MEAGHER + GEER, P.L.L.P.**

By: */s/ Nikos P. Povilaitis*
          Kurt M. Zitzer
          Nikos P. Povilaitis
          *Attorneys for Defendant Real T. Solutions, Inc.*

E-filed via TurboCourt and emailed
this 2nd day of July, 2025 to:

Mark W. Drutz
Jeffrey D. Gautreaux
**MUSGROVE DRUTZ BUTNER & GAUTREAUX, PC**
1135 W. Iron Springs Road
P.O. Box 2720
Prescott, AZ 86302-2720
admin@mdksdaw.com
*Attorneys for Plaintiff United Wholesale Mortgage*


By: */s/ Michelle R. Leach*